UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LESHAWN YOUNG,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :            25-CV-754 (VSB)
               -against-                                    :
                                                            :                **ORDER**
AMERICA ULIKE INTERNATIONAL INC.,                           :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

On June 3, 2025, the parties in the above-captioned case submitted a letter to the Court stating that they had reached a settlement in principle and requesting my approval of their proposed consent decree. (Doc. 13.) The proposed consent decree would require Defendant to use best efforts within 24 months to make its website accessible to those with vision disabilities in accordance with applicable guidelines. (*Id.* at 7.) The parties also request that "the Court enter an injunction barring other similar litigation [against Defendant] alleging similar website accessibility claims under either federal law or similar state laws, whether by Plaintiff or others." (*Id.* at 1–2.) The parties assert that their proposed consent decree passes muster under *Kozlowski v. Coughlin*, which states that courts must be certain that a consent decree (1) springs from and serves to resolve a dispute within the court's subject matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based. 871 F.2d 241, 244 (2d Cir. 1989).

The parties do not address *U.S.S.E.C. v. Citigroup Global Markets, Inc.*, which states that, in the event a proposed consent decree contains injunctive relief, courts must "assess (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in

the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." 752 F.3d 285, 294–95 (2d Cir. 2014). At least one case has applied the *Citigroup* factors to evaluate a consent decree proposing injunctive relief in a website-accessibility case brought under the Americans with Disabilities Act, such as this one. *See Cruz v. JKS Ventures, Inc.*, No. 23-CV-8311, 2024 WL 814563, at *6 (S.D.N.Y. Feb. 26, 2024) (stating that "[t]he history and duration of the negotiations between the parties, the information exchanged by them, the financial compensation provided to Plaintiff and to Plaintiff's lawyer, and the involvement of Plaintiff herself in the negotiations and approval of the proposed consent decree" are all relevant to whether a proposed consent decree meets the *Citigroup* standard).

The parties are hereby ORDERED to submit a joint letter by June 30, 2025, explaining whether, in their view, whether or not I should apply the *Citigroup* test to this proposed consent decree, as well as whether this proposed consent decree satisfies the *Citigroup* test. The parties are directed to address the above-listed factors identified by Judge Lewis Liman in *Cruz* as part of their analysis of whether this proposed consent decree satisfies the *Citigroup* test and/or why I should not consider the *Citigroup* test.

SO ORDERED.

Dated:   June 17, 2025
         New York, New York

_____
Vernon S. Broderick
United States District Judge