UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESHAWN YOUNG, ON BEHALF OF HERSELF AND ALL OTHER PERSONS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICA ULIKE INTERNATIONAL INC., <br><br> Defendant. | Case No.: 1:25-cv- 754 <br><br> **CONSENT DECREE** |

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff Leshawn Young ("Plaintiff") and Defendant America Ulike International Inc. ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

**RECITALS**

1.  Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.  On or about January 24, 2025, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website (https://www.ulike.com/?view=new)(the "Website") is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law (the "NYSHRL"); the New York

1

State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law (the "NYCHRL"), and constitutes deceptive trade practice in violation of General Business Law §349 ("GBL §349").

3. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, the NYCHRL, the NYSCRL, the NYCHRL, and GBL §349, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5. This Consent Decree is entered into by Plaintiff, individually, but is intended by the parties to insure to the benefit of vision impaired individuals who are members of the putative class alleged in the Complaint.

## JURSIDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet. Plaintiff contends that the Website is a sales establishment and therefore a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, the NYCHRL, the NYSCRL, and/or the NYCHRL.

7. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8.  Plaintiff and Defendant agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9.  **"Effective Date"** means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. **"Reasonable Effort"** means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraph 14 through 17 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA buy as applied solely to the Website- as thought the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website- or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 36 months from the Effective Date; or (b) the date, if any,

that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant:

a. Shall not deny persons with disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

13. Web Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice

4

issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

      a.      Within 24 months of the Effective Date, to the extent not already done, Defendant shall modify the Website as needed to substantially comply with the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA standards to the extent readily feasible or achievable, in such a manner so that the Website will be accessible to persons with vision disabilities.

      1.      The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not develop, own, operate, prepare or control but that are lined from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Website, and third-party apps); and (ii) the provision of narrative description for videos. The Parties further agree that if Defendant ceases to develop, own, or operate the related Website, then Defendant shall not be responsible or liable for the state of such Website's accessibility to individuals with disabilities. The Parties further acknowledge and agree that Defendant has no duty to verify whether any Third-Party content complies with any legal standards concerning the App, Website, or Content accessibility to individuals with disabilities. The Parties further agree that Defendant can link to Third-Party Apps, Websites, and Content and shall not be responsible or liable for the state of such Third-Party Apps, Websites, or Contents' accessibility to individuals with disabilities. If Defendant's ability to meet the deadline for compliance with this Section 3 is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective

counsel shall meet and confer regarding an extended deadline. If the Parties disagree regarding an extended deadline after the meet and confer, either Party will have the right to seek judicial relief. Moreover, this Agreement shall not apply, nor be construed to apply, to the Website or any portion of the Website that is not owned or controlled by the Defendant or for which the Defendant does not possess the administrative, design, or coding rights. Nothing in this Agreement shall be deemed to require the Defendant to do more than comply with the minimal requirements of federal law. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

b. Nothing herein shall prevent Defendant from using measures designed to increase search engine optimization.

c. If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial compliance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Websites.

## PROCEDURES IN THE EVENT OF DISPUTES

14. The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

15. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in the breach. The alleged breaching party must respond to such written notice of breach no later than 60 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorney's fees and costs to the prevailing party in any such enforcement action.

16. Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 120 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 120 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective

counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

17. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:

> Jeffrey M. Gottlieb, Esq.
> Gottlieb & Associates
> 150 East 18th Street, Suite PHR
> New York, NY 10003
> Email: Jeffrey@Gottlieb.legal
> Phone: (212) 228-9795
> Fax: (212) 982-6284

For DEFENDANT:

> Christopher J. Kelly
> Rimôn, P.C.
> 100 Overlook Center, 2nd Floor
> Princeton, NJ 08540
> Telephone: 609-299-1877
> Christopher.Kelly@rimonlaw.com

### ENFORCEMENT AND OTHER PROVISIONS

18. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles.

19. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

20. The parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

21. The Parties agree that during the term of this Consent Decree, further litigation over similar website accessibility claims under either federal law or similar state laws, whether by Plaintiff or others, would distract from the ability of Defendant to conduct meaningful remediation and frustrate the purpose of both the Consent Decree and the laws Plaintiff seeks to enforce.

22. The signatories represent that they have the authority to bind respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

23. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

DATED: May 29, 2025

PLAINTIFF
By: _Leshawn Young (May 29, 2025 19:24 PDT)_

DATED: Jun 3, 2025

DEFENDANT
By: Pan Yuping

9

Title: *director*

APPROVED AS TO FORM AND CONTENT:

DATED: May 29, 2025

PLAINTIFF'S COUNSEL

By: *[signature] jeffrey gottlieb (May 29, 2025 19:25 PDT)*

Jeffrey M. Gottlieb, Esq.
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, NY 10003
Email: Jeffrey@Gottlieb.legal
Phone: (212) 228-9795
Fax: (212) 982-6284

DEFENDANT'S COUNSEL

DATED: June 3, 2025

By: *[signature]*

Christopher J. Kelly (CK-1197)
Rimôn, P.C.
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Telephone: 609-299-1877
Christopher.Kelly@rimonlaw.com

**COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE**

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4) The Court's jurisdiction over this matter shall continue for 36 months;

5) The All Writs Act (28 U.S.C. § 1651(a)) empowers District Courts to enjoying actions by non-parties when doing so is necessary to protect the Court's jurisdiction over a Consent Decree. *United State v. Int'l Bhd. Of Teamsters, et al.*, 907 F.2d 277, 280 (2d Cir. 1990);

6) "An important feature of the All Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction" *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F2d 328, 338 (2d Cir 1985);

7) As noted above, non-party litigation over website accessibility during the term of the Consent Decree could frustrate the Consent Decree and limit the Court's ability to enforce the terms of the Consent Decree if other Courts issue conflicting Orders on the same subject matter. It is well settled in this District that consent decrees serve a valuable role in preventing

"duplicative, harassing and perhaps frivolous litigation." *United States v. Int'l Bhd. Of Teamsters*, 728 F. Supp 1032, 1047 (S.D.N.Y. 1990);

    8)    Accordingly, the Court maintains jurisdiction over this Consent Decree throughout its term and pursuant to the authority granted under the All Writs Act, hereby enjoins the filing of other lawsuits alleging similar website accessibility issues under either federal law or similar state laws during the term of the Consent Decree; and

    9)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

Date: July 11, 2025
New York, NY

Hon. Vernon S. Broderick
United States District Judge